ACCEPTED
03-14-00422-CV
3639215
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 3:35:41 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00422-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 3:35:41 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS FOR

## THE THIRD COURT OF APPEALS DISTRICT

## AUSTIN, TEXAS

### WILLIAM J. COJOCAR, APPELLANT

### V.

### SALLY CARRILLO, APPELLEE

### APPEAL FROM CAUSE NO. C2013-0134B

### 207TH DISTRICT COURT OF COMAL COUNTY

### THE HONORABLE CHARLES STEPHENS, PRESIDING

### APPELLANT'S REPLY BRIEF

William J. Cojocar, Ph.D.          Clinton Lawson, Attorney at Law
Pro Se Counsel                     755 E. Mulberry St. Suite 200
66th Horseshoe Canyon              San Antonio, Tx 78212
San Antonio, TX 78258             Telephone: 210 244 2701
Telephone: (210) 835-5035          Email: clintonlawson@gmail.com
Email: william.cojocar@sri.com

### ORAL ARGUMENT REQUESTED

1

# Table of Contents

Index of Authorities…………………………………………………….…………3

Statement of Facts…………………………………………………………...…….4

Summary of Argument……………………………………………...…….6

Argument…………………………………………………………………..8

Appellant Counter Argument 1……………………………………………….11

Appellant Counter Argument 2……………………………………………....14

Prayer……………………………………………………………...…………18

Certificate of Compliance………………………………………...….……19

Certificate of Service………………………………………………...….…….20

# Index of Authorities

Texas Rule of Appellate Procedure 38.2(a) (1) (B)

Texas Rule of Appellate Procedure 44.1 (a) (1)

Texas Rule of Appellate Procedure 9.4

Texas Family Code § 6.602

Texas Family Code § 7.009 Fraud on the Community; Division and Disposition of Reconstituted Estate

Texas Civil Appeals Code Guide (Chapter 8 Appellant's Reply Brief, Paragraph 8.5 Argument, p. 267).

N.P. v. Methodist Hosp. 190 S.W.3d217, 225

**Statement of Facts**

In compliance with Texas Rule of Appellate Procedure 38.2(a) (1) (B), the Appellant wishes to set forth the correct facts herein from the Appellee Brief. The Appellant's filing of the first and second amended Motion to Revoke the MSA on 22 Jan 2014, revoking his consent to the MSA before rendition of judgment on 10 Oct 2013; and a second amended Motion to Revoke the MSA on 25 April 2014, based on fraud and fraudulent inducement into signing the MSA; and requested that the MSA be repudiated. (CR, p. 102) This filing of the Motion to Revoke the MSA met the criteria of Texas Family Code § 6.602 paragraph (d), due to the filing of the Motion to Revoke the MSA being filed prior to the final mediation order hearing, which occurred on 28 April 2014. The 207th District Court Honorable Judge Charles Stephens ordered, "*I'm going to let the Third Court decide if that's what you want to do; I'm going to enter the divorce decree today and if there's some things we need to talk about today whether or not it complies with the Mediated Settlement Agreement we can talk about that.*" (RR, p. 16) The Court made the decision to enter the divorce decree on 28 April 2014, without allowing the Appellant to present the evidence to substantiate the Motion to Revoke the MSA. The Appellant subpoenaed two key witnesses to testify at the Motion to Revoke the MSA/Divorce hearing, and possessed significant and key evidence to present to the court. The Appellant's Counsel informed Judge Stephens

4

that he possessed newly discovered evidence and subpoenaed witnesses to present to the court; but as stated by Judge Stephens, he did not wish to hear the evidence prepared and informed the Appellant's Counsel that he would have to file a Motion for New Trial; in which case the Appellant's Counsel did not insist on the evidence possessed for fraud be heard. (RR, p. 20-21) The Appellant provided his counsel all of the evidence to support the Motions to Compel and Revoke the MSA based on Fraud and Fraudulent inducement into signing the MSA; and the Appellant's Counsel failed to pursue the presentation of this prepared evidence, that prompted Judge Stephens to grant the divorce and deny the Appellant his right to present the evidence to support his case. The evidence that was provided to the court and was not presented or heard is currently in possession of the Comal County District Attorney after the Appellant's 18 Sep 2014 Criminal Charges filing with the Comal County Sheriff's Department; pending pursuance of action from the Comal County District Attorney based on the decision rendered by the 3rd Appellate Courts of Appeals.

## Summary of Argument

The Appellant's argument to the Appellee Brief addresses and counters the Appellee's arguments that focus on the legitimacy of the application and ruling of the MSA and the Appellant's "Fraud" Arguments being unsupported by the Record. The Appellant notifies the Court that he was required to file a report with the FBI on 13 March 2014 and subsequently filed criminal charges with the Comal County Sheriff on 18 Sep 2014, whereby the case "evidence" remains with the Comal County District Attorney pending results of this appeal. The Appellant counters the Appellee's first Argument by a reaffirmation of Texas Family Code § 6.602 paragraph (a) that states that *"On the written agreement of the parties or on the court's own motion, the court may refer a suit for dissolution of a marriage to mediation"*, noting that the two parties did not possess a written agreement to mediate in accordance with the TFC § 6.602; thereby not fully complying with the Texas Family Code § 6.602 stipulation. This extract from the Texas Family Code is not a flawed reading of the statute, and the statute clearly states that in order to be compliant with the code, an Order to Mediate is required to be produced by written agreement of the parties or on the court's own motion. The Appellee's second argument is countered by the Appellant's stating that the Appellee's fails to counter the Appellant's Argument #2 (Appellant's Brief, pp. 27-30), based on the fact that the trial court erred by denying the Appellant's Motion to Revoke the

6

Mediated Settlement Agreement and failed to consider the substantial evidence that the Appellant was fraudulently induced into signing the MSA, and did so under duress. This evidence was introduced to the Court in the Appellant's Motion to Revoke the Mediated Settlement Agreement and the Motion for New Trial. The Appellant reiterates that he provided his counsel all of the evidence to support the Motions to Compel and Revoke the MSA based on Fraud and Fraudulent inducement into signing the MSA; and the Appellant's Counsel failed to pursue the presentation of this prepared evidence, that prompted Judge Stephens to grant the divorce and deny the Appellant his right to present the evidence to support his case. These errors amounted to a denial of the Appellant's rights as it reasonably calculated to cause and did cause rendition of an improper judgment in this case. (Tex. R. App. P. 44.1 (a)(1); (Appellant's Brief, p. 28). The Appellant also provided argument in the Appellant Brief (p. 15) that the Appellant's counsel miscalculated the community estate during mediation, not being in accordance with Texas Family Code § 7.009 Fraud on the Community; Division and Disposition of Reconstituted Estate; alleviating the Appellee's argument stated in the Appellee Brief (p. 12).

## Argument

The premise of the arguments posed by the Appellee's counsel is centered on the compliance of the MSA and the "Fraud" arguments being unsupported by the record. The Appellee's counsel states that "*In the absence of any evidence of fraud in procuring the mediated settlement agreement, Judge Stephens properly entered judgment granting the divorce based on the parties' mediated settlement agreement when the mediated settlement agreement met the requirements of Texas Family Law Section 6.602*". (Appellee Brief, p. 5)

In accordance with the Texas Civil Appeals Code Guide (Chapter 8 Appellant's Reply Brief, Paragraph 8.5 Argument, p. 267), "*new issues raised in the reply brief are generally waived; however, an appellate court may consider a new issue under appropriate circumstances*" (N.P. v. Methodist Hosp. 190 S.W.3d217, 225). It is imperative to notify the Court that the Appellee's statement that the evidence of fraud procuring the MSA was absent is not a valid statement of fact. The Appellant possessed evidence that was acquired supporting the Fraud allegation that was acquired before the MSA was signed and continued to acquire evidence supporting Fraud after the MSA was signed; and submitted all evidence over to his attorney Mr. James Bettersworth. When the Appellant discovered that his wife (the Appellee) had released and stole unclassified/For Official Use Only, Corporate Proprietary Material and Intellectual Property, that was protected by Federal Non-

8

Disclosure Agreements, from 5 major Department of Defense Contractors and DOD departments, to an unauthorized and 3rd party; he notified his attorney that he was required to report the NDA breach, in accordance with NDA requirements, to the Federal Bureau of Investigation. This report was filed with the FBI on March, 13th 2014; 1.5 months prior to the Motion to Revoke the MSA and Divorce hearing, that was held on April 28th, 2014. The Appellee's Counsel was not notified of this report; nor was the Court, by the Appellant's Attorney. This report to the FBI contained reported allegations from the Appellant, not only of the Federal NDA Information Breaches, but also of additional Federal Crimes of Computer crimes or intrusions into computer networks, particularly those associated with National Security; Corrupt activities in state, local, or federal governments or in law enforcement; Financial crimes that involve Fraud, Mortgage Fraud, or other investment fraud schemes where significant dollar losses have occurred; Extortion; Color of Law Abuses; Fabrication of Evidence; House Stealing;  and Intellectual Property Theft. The FBI in took the report and notified the Appellant that they would review the submitted evidence; but that the case would more than likely be handled in the Civil Court. When this evidence was ready to be presented to the 207th District Court, in support of the Motion to Revoke the Mediated Settlement Agreement, it was not presented to the Court by the Appellant's attorney; and subsequently not with the Motion for New Trial that

9

was subsequently withdrawn. The Appellant was provided counsel by post hearing separate counsel, that the Fraud evidence possessed, required the attention of the District Attorney. On 18 September, 2014, the Appellant filed the following list of criminal charges with the Comal County Sheriff's Department Criminal Investigative Division:

PC 15.01 Criminal Attempt
PC 15.02 Criminal Conspiracy
PC 16 Criminal Instruments, Interception, Use of Oral Communication
PC 21 Sexual Offenses
PC 22 Assaultive Offenses
PC 31 Theft (house stealing)
PC 32 Fraud
PC 32 Subchapter B Forgery
PC 32.32 False Statement to Obtain Property
PC 32.34 Deceptive Business Practices
PC 32.45 Misapplication of Fiduciary Property or Property of Financial Institution
PC 32.46 Securing Execution of Document by Deception
PC 32.47 Fraudulent concealment of Writing
PC 32.51 Fraudulent use or Possession of Identifying Information
PC 33.02 Computer Crimes, Breach of Computer Security
PC 34.02 Money Laundering
PC Chapter 36 Corrupt Influence
PC Chapter 37 Perjury and other Falsification

The Appellant's Attorney, also fully aware of this criminal charges filing, did not inform the Appellee's Attorney, that criminal charges were being filed by the Appellant. The Comal County Criminal Investigative Division has conducted an initial screening of the Case # 14-09-2882, and submitted it forward to the Comal County District Attorney. The Comal County District Attorney has not dismissed

10

the case, and is holding pursuance of action of the case, awaiting confirmation of civil proceedings from the 3rd Court of Appeals Appeal Case decision. The Comal County District Attorney maintains current possession of the evidence that supported the Appellant's Motion to Revoke the MSA; thus the Appellant notifies the Court that this appropriate extenuating circumstance of the "absence of evidence", was not absent, and that the Appellant was prepared to present the evidence, but was misrepresented by his attorney with the Appellant's attorney choosing not to present the evidence on the Appellant's behalf, thus supporting Appellant Argument #4. If the evidence possessed that was supposed to be presented to the Court in the Motion to Revoke the MSA is substantial enough for the District Attorney to consider for criminal charges filed; it should have been substantial enough for the Appellant's Attorney to present to the Court, and for the Judge to properly hear.

**Appellee Brief Argument I.** MSA in Question Complies with Section 6.602 thus Requiring Rendition of Judgment on the MSA.

Appellee's Counsel argues that "*Cojocar's argument is based on a flawed reading of the MSA or a flawed reading of the statute-in either instance it is wrong.*" (Appellee Brief, p. 6) As stated in the Appellant's Brief (p. 17), "*Texas Family Code § 6.602. MEDIATION PROCEDURES paragraph (a) states that "<u>On the written agreement of the parties</u> or <u>on the court's own motion</u>, the court may refer*

*a suit for dissolution of a marriage to mediation*". The two parties did not possess a written agreement to mediate in accordance with the TFC § 6.602; thereby not fully complying with the Texas Family Code § 6.602 stipulation. This extract from the Texas Family Code is not a flawed reading of the statute. The statute clearly states that in order to be compliant with the code, an Order to Mediate is required to be produced by written agreement of the parties or on the court's own motion. Both attorney's in this case failed to commence this mediation process in accordance with the specified instructions outlined in TFC § 6.602(a). Failure to abide by the code, by the two Texas State attorneys does not substantiate or justify a lack of full compliance of the code. An order to mediate was not produced by both attorney's nor signed by a Judge, as required by the code, thereby starting off the mediation session being non-compliant with TFC § 6.602(a). This is substantiated by the decision from the 10th District Court of Waco 2004 Case, Lee vs. Lee, which does reference other districts, articulates that in this case, "*there was no written agreement to mediate and there is no court order.*" This case specifically states that because there was no written agreement to mediate and no court order to mediate that the Court, and that the parties had not complied with Section 6.602; therefore the Court committed error by entering the divorce decree. This Case versed the MSA based on the simple fact there was no written agreement or court order. (RR, p. 9) Additionally, as stated in the Appellant's Brief

12

(p. 23), The Texas Family Code § 6.602 (d) also states that: "A party may at *any time prior to the final mediation order file a written objection to the referral of a suit for dissolution of a marriage to mediation on the basis of family violence having been committed against the objecting party by the other party*". Prior to Mediation Order No. C-2013-0134, being heard by the 207th District Court of Comal County, on 28 April 2014, the Appellant filed a Motion to Revoke the Mediated Settlement Agreement, on 22 January 2014, with two subsequent amendments on 24 and 25 April 2014. This filing of the Motion to Revoke the MSA met the criteria of Texas Family Code § 6.602 paragraph (d), due to the filing of the Motion to Revoke the MSA being filed prior to the final mediation order hearing, which occurred on 28 April 2014. The 207th District Court Honorable Judge Charles Stephens ordered, "*I'm going to let the Third Court decide if that's what you want to do; I'm going to enter the divorce decree today and if there's some things we need to talk about today whether or not it complies with the Mediated Settlement Agreement we can talk about that.*" (RR, p. 16) The Court made the decision to enter the divorce decree on 28 April 2014, without allowing the Appellant to present the evidence to substantiate the Motion to Revoke the MSA. The Appellant also counters the Appellee's Argument B, that "*Even If Parties' MSA Did Not Satisfy Section 6.602{a}, Section 6.602 Still Requires Rendition of Judgment on Parties' MSA*" (Appellee Brief, p. 7), and the

statement that the Appellant's argument results in an "*absurd reading of the statue*" and a "*construing the statute*" (Appellee Brief, p. 8). The reading of the statue is clear and the requirement for Texas Family Code § 6.602, paragraph (a) is clear as specified. No absurd reading or construing of the statute occurred.

**Appellee Brief Argument II**. Cojocar's "Fraud" Arguments Unsupported by the Record. The Appellee's counsel states that "*Cojocar failed to preserve his complaints for appellate review, but also the undisputed evidentiary record is devoud of any evidence whatsoever that the agreement was illegal or that Carrillo procured the agreement by fraud, duress, or other dishonest means*" (Appellee Brief, p. 10); and that "*Cojocar did not preserve his complaint that Judge Stephens erred in not hearing testimony in support of Cojocar's allegation that Carrillo committed fraud in procuring the MSA.*"(Appellee Brief, p. 11) This argument fails to counter the Appellant's Argument #2 (Appellant's Brief, pp. 27-30). The Appellant clearly notifies the Court that the trial court erred by denying the Appellant's Motion to Revoke the Mediated Settlement Agreement and failed to consider the above listed and other substantial evidence that the Appellant was fraudulently induced into signing the MSA, and did so under duress. This evidence was introduced to the Court in the Appellant's Motion to Revoke the Mediated Settlement Agreement and the Motion for New Trial. The Appellee's Counsel also fails to discount his personal withholding of critical discovery evidence prior to the

14

Mediated Settlement Agreement; his intimidation and coercion tactics used to intimidate the Appellant during the mediation session, using proclaimed possession of maintaining evidence that would damage the Appellant; when in fact he (Appellee's Counsel) publicly voiced he never viewed, but claimed he had in his possession, (Appellee's Response to Interrogatories, p. 5); and through his attempt to coerce the San Antonio Computer Doctor to blacken out the Appellee's name on the Subpoena to Compel Production of Documents and Tangible Things Affidavit, to further conceal evidence that should have been submitted in Discovery; which was further requested by the Appellant's Counsel in the Motion to Revoke to Compel for Discovery and Sanctions. As stated in the Appellant's Brief (p. 30) "*The trial court erred by denying the Appellant's Motion to Revoke the Mediated Settlement Agreement and failed to consider the above listed and other substantial evidence that the Appellant was fraudulently induced into signing the MSA, and did so under duress.*" Had the Appellant been afforded the opportunity to view the concealed and withheld evidence that was not presented by the Appellee's Discovery (pre-mediation session), he would not have signed the MSA and requested a trial by jury for Marital Fraud, Fraud, Securing the Execution of a Document by Deception (Documents being the two Mortgage Closings and the Appellee's 23 July 13 House Sale Contract), and House Stealing. The Appellee's Counsel states that, "*After hearing on Cojocar's second amended motion to revoke*

*the MSA, Judge Stephens stated Cojocar was welcome to put on testimony to support his fraud based claims for revocation of the agreement*" (RR 1:19-20); and that "*Cojocar voluntarily elected not to provide any such testimony at that time*" (id). This is a false statement. The Appellant's Counsel informed Judge Stephens that he possessed newly discovered evidence and subpoenaed witnesses to present to the court; but as stated by Judge Stephens, he did not wish to hear the evidence prepared and informed the Appellant's Counsel that he would have to file a Motion for New Trial; in which case the Appellant's Counsel did not insist on the evidence possessed for fraud be heard. (RR, p. 20-21) This refutes the Appellee's argument that "*No Argument was made or evidence offered to the trial court concerning Cojocar's complaint that the attorney miscalculated the community estate during mediation.*" (Appellee Brief, p. 12) The Appellant "*Cojocar did not chose to pursue his fraud claim at that time*"; it was the Appellant's Counsel who chose to not pursue the Appellant's fraud claim at that time; which support's the Appellant's Argument #2, that he was misrepresented by his counsel. The Appellant was in the back of the court room, could not hear what was going on, and when called to the bench, notified Judge Stephens that he was not in agreement with the divorce (Appellant's Brief, p. 38; RR, p. 34), thus supporting the Appellant's Argument #5. The Appellee's Counsel accuses the Appellant for "*Throwing his lawyer under the bus does not void the MSA*" (Appellee's Brief, p.

16

12-13). The Appellant provided his counsel all of the evidence to support the Motions to Compel and Revoke the MSA based on Fraud and Fraudulent inducement into signing the MSA; and the Appellant's Counsel failed to pursue the presentation of this prepared evidence, that prompted Judge Stephens to grant the divorce and deny the Appellant his right to present the evidence to support his case; and in doing so, the 207th District Court Honorable Judge Charles Stephens so stated: "*I'm sure we'll be back here dealing whether or not we're going through the whole thing again.*" (RR, p. 18) These errors amounted to a denial of the Appellant's rights as it reasonably calculated to cause and did cause rendition of an improper judgment in this case. (Tex. R. App. P. 44.1 (a)(1); (Appellant's Brief, p. 28).

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Appellant William J. Cojocar, asks the Court to: (1) reverse the judgment for decree of divorce in order to permit the Appellant to file a Motion for New Trial with the 207th District Court to present all facts and evidence that support the pursuance of fraud and fraudulent inducement into the Mediated Settlement Agreement, to attain a fair and equitable division of the marital estate and property; and (2) allow the Appellant the opportunity to present to the District court the Crimes and Torts that have been committed against the Appellant by the Appellee; and (3) modify the Decree of Divorce to expunge the false inclusion of the 2012 IRS tax statement that was erred from being deleted from the final Decree of Divorce; (4) grant such other and further relief to which he may show himself justly entitled, and (5) grant the Appellant the opportunity to conduct an Oral Argument to aid the Court's decisional process in this appeal.

**Certificate of Compliance**

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Appellant Brief contains 3,505 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ *William J. Cojocar*
William J. Cojocar, Ph.D.
Pro Se Counsel

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served by fax and email to counsel for Sally Carrillo, being Clinton Lawson, Attorney at Law, 755 E. Mulberry St. Suite 200, San Antonio, Texas 78212.

/s/ *William J. Cojocar*

William J. Cojocar, Ph.D.

Pro Se Counsel